In The United States District Court For the Middle District Of Alabama

RECEIVED
Civil action no
OCT - 5 2020
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

Kennedy Minnifield Pro Se
vs
Board of Pardon and Parole
Violated his Federal Constitution Rule 38
8th Amendment Constitution

Summons - Acknowledgment

Federal Rule 39: Request For Leave to actually Proceed.
Alabama Rules of Federal Civil Procedure.
Alabama Rules Civil Procedure Rule 56(e)

To any united States Federal Marshal or any Person authorized by ether Rule (4)1.(b).2. or 4.(b) or (4)4.(b).2. of Alabama Rules of Federal Civil Procedure must Go by and Service the defendant at the Parole Board at Parole Board Director Charles Graddick you are actually hereby Commanded by these Rules to Service this Summons and Complaint to the defendant within 30 days. State Claim:
8th Amendment Rights Violated and Federal Constitution Violation: Violations of his Rights Under the Constitution or law of the United States Constitution: Violation of Section 12-25-32. With not comply with they own Section. any Prisoner has not done or actually Served or done at Least one 1/3 of his Sentence or 10 years in the State Penitentiary Require to do before being Release: Questions of Law: Minnifield have actually done over the Require time Parole board want. He has Service or done 36 Long years. Kennedy Minnifield is Seeking an immediately Release from D.O.C - Custody: no Money wanted

In the United States District Court of the Middle District of Alabama

Kenedy Minnifield Pro-se
vs
Board of Pardons and Parole- et al
Violated his Federal Constitution Rights
State Claim. Discrimination Claim.
State Claim. 8th Amendment Violation.

Civil Action no

RECEIVED
2020 OCT -5 A 11: 28
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Rule 39: Request For Full leave to Proceed:
Alabama Rules Civil. P. Rule 56(e)
State Claim 14th Amendment Constitution- Due Process violation must be Giving an Fair opportunity to be heard in open Court. Lawsuit and Complaint is being brought and Filed against Alabama Pardons and Parole. under 8th Amendment Constitution violation.
Cruel and unusual Punishment: State Claim. Discrimination Claim. * No money Wanted.
Plaintiff Minnifield, has no other way or avenue For Relief. after 36 long years- immediately Release.

Lawsuit and this Complaint is actually being brought and being filed against the Parole board at this time. State claim 8th Amendment Constitution Violation. Discrimination Claim. Plaintiff Minnifield is Request For immediately Release after 36 years. Challenging Section 12-25-32. Parole board are in Violation of: State any Prisoner has not done or Serive one 1/3 of his Sentence or time: or 10 years in the State Pententiary is Required to do. allow Record to Show Plaintiff Minnifield has done over it. 36 long years day For day. Plaintiff Minnifield Request For 1. Fair opportunity to be Release after 36 years.
State Claim. Prison System over Crowding.

*Evidence we have 9 left of them.*

~~FILED IN OFFICE~~
~~NOV 26 2019~~
~~[illegible], CLERK~~

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

### Supervisor/Correctional Officer Report

| | |
|---|---|
| 1. Institution: SCCF | 2. Date: 4-9-12 |
| 3. Inmate Name: Kennedy Minnfield | 4. AIS#: 130651 |
| 5. Job: Chapel Worker | 6. Race: Black   7. Sex: Male |

*(note)*

8. Reason for Report: I feel he strives hard to achieve his actions and attitude merit him privileges he may be eligible for parole

9. Number of hours supervised per day: ___   10. Supervision is: ☐ Direct   ☑ In-direct

11. Evaluation Areas: Provide a brief response to each of the following. If you do not know about a particular area please say so. Do not answer good or bad without giving the specific reason (s) behind your answer.

A. Adjustment to Incarceration: ☐ Poor ☐ Fair ☐ Good ☑ Excellent
Comments: Has overall good attitude and has adjusted well

B. Work Performance: ☐ Malingerer ☐ Gets By ☑ Performs Well ☐ Unusually Good Worker
Comments: Has always done a good job whenever asked to do so

C. General Attitude: ☐ Poor ☐ Fair ☐ Good ☑ Excellent
Comments: Has a good demeanor

D. Relationship with Other Inmates: ☐ Poor ☐ Fair ☑ Good ☐ Excellent
Comments: Generally gets along well with other inmates

E. Relationship with Correctional Staff: ☐ Poor ☐ Fair ☑ Good ☐ Excellent
Comments: Generally get along well with staff, no disciplinary action in 6 years.

F. Utilization of Spare Time: ☐ Poor ☐ Fair ☐ Good ☑ Constructive
Comments: Keeps busy with physical activities and goes to ch[apel]

G. Personal Appearance: ☐ Unkempt ☐ Average ☑ Always Well Groomed
Comments: Keeps personal hygiene up always meet standards, clean clothing and pressed.

H. Maintenance of Living Area: ☐ Messy ☐ Average ☑ Neat and Tidy
Comments: Living quarters are very clean.

*(note)* 12. Certification: I am aware that this report can be used in consideration of less restrictive placement, change of custody, or restoration of *Good Time*.

Tertius McKee (CO)   /s/ Tertius McKee   CO   A-Day
Name of Supervisor/Correctional Officer   Signature   Position/Title   Shift

13. Shift Commander Review:
Carla Graham CL   /s/ Carla Graham   4-7-12   A Day
Shift Commander Name   Signature   Date   Shift

[illegible handwriting at bottom]   ADOC Form 425-A December 5,

## Legal Argument
## Grounds For immediately Release
### Violations of his Rights under Constitution or laws of the United States: Challenge

Parole board are in Violation of they own on Section 12-25-32- The board Shall not Grant a Parole to any Prisoner who has not Served at least one thirred or 10 years of his Sentence, whichever is the lesser- except by a unanimous affirmative Vote of the board. See Exhibit- Documents.

### State Claim 8th Amendment Violation. Under Cruel and Unusual Punishment.

Kennedy Minnifield, has actually done over the time is actually Require From Parole Board. allow Record Show he has do 36 years in D.O.C. Prison.

Due to all the time he has after done will the Federal Court Step in and order. The Pardon and Parole to immediately Release Kennedy Minnifield.

After 36 years he ask For an immediately Release. no Money want in this action.

### State Claim- Alabama Prison System is
* actually Suffering from Prison overcrowding.

Request that this honorable Court Proceed under its own Rules 39- to Review this matters and Complaine and to ~~Ree~~ Reverse the Judgment of the Parole board.

Constition Right must be heard.

*See Document*

§ 15-22-28. Investigations. [Effective until September 1, 2019] Investigation Request for Request for an Investigations on Parole board

(a) It shall be the duty of the Board of Pardons and Paroles, upon its own initiative, to make an investigation of any and all prisoners confined in the jails and prisons of the state, through use of a validated risk and needs assessment as defined in Section 12-25-32, with a view of determining the feasibility of releasing the prisoners on parole and effecting their reclamation. Reinvestigations shall be made from time to time as the board may determine or as the Department of Corrections may request. The investigations shall include such reports and other information as the board may require from the Department of Corrections or any of its officers, agents or employees.

(b) It shall be the duty of the Department of Corrections to cooperate with the Board of Pardons and Paroles for the purpose of carrying out the provisions of this article.

(c) Temporary leave from prison, including Christmas furloughs, may be granted only by the Commissioner of Corrections to a prisoner for good and sufficient reason and may be granted within or without the state; provided, that Christmas furloughs shall not be granted to any prisoner convicted of drug peddling, child molesting or rape, or to any maximum security prisoner. A permanent, written record of all such temporary leaves, together with the reasons therefor, shall be kept by such commissioner. He shall furnish the Pardon and Parole Board with a record of each such leave granted and the reasons therefor, and the same shall be placed by the board in the prisoner's file.

(d) No prisoner shall be released on parole except by a majority vote of the board. The board shall not parole any prisoner for employment by any official of the State of Alabama, nor shall any parolee be employed by an official of the State of Alabama and be allowed to remain on parole; provided, however, that this provision shall not apply in the case of a parolee whose employer, at the time of the parolee's original employment, was not a state official.

*Burden of Proof - State Claim - Abuse of Power* / Exhibit /

(e) For violent offenses as defined in Section 12-25-32, the board shall not grant a parole to any prisoner who has not served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board. *Challenging it*

HISTORY: *It tell how must time to spend in prison Requires*
Acts 2015, No. 15-185, § 3, Jan. 30, 2016.

*Kennedy Mannifield has done 36 long years in. He is request to be Release immediately Supporting Evidence*

ALCODE   *Burden of Proof if Challenge Section 15-22-28 and 12-25-32*

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Alabama Department of Corrections
## Sick Call Request



**Reason for Sick Call Request:**

Problem

Name (print): Kennedy Minnifield    AIS #: 130607    Date of Birth: [redacted] 67
Institution: Limestone    Housing Area: D2B    Date: 9-15-20

Sick Call Form Collected by Health Staff: _____ (initials) Title: _____ Date: _____ Time: _____

**Request Triaged** (check as appropriate):

A. _____ Sick Call Nurse Encounter **Not** Required    (1) _____ Referring to Chronic Care Manager
                                                       (2) _____ Written Response/Instruction Being Provided

B. _____ Nurse Sick Call Encounter Required    (1) _____ Bring to HCU at this time for further evaluation
                                               (2) _____ **Evaluate** in next scheduled Nurse Sick Call Clinic

Signature/Title: _____    Date: _____

**Sick Call Encounter** (Nurse Evaluation Tool Completed):

1 _____ Resolved by Nurse Encounter         2 _____ Referral for follow up required, to be scheduled
  **Co-Pay Fee Incurred:**                    (a) _____ Medical Provider
  _____ $4.00 - Nurse                         (b) _____ Dental Clinic
  _____ $4.00 – OTC(s); If Restrictive Housing-no OTC charge   (c) _____ Mental Health Services
  _____ $4.00 – Scheduled but Refused Encounter   (d) _____ Other: _____

Inmate Name: Kennedy Mannfield    AIS#: 130651

ADOC-OHS form E-7 (a) 022013    Distribution: Original (page 1)-Inmate Health Record
CP7166AL                         Copy (page 3)-retained by inmate
Issued 10/2013, Revised 11/2014   Copy (page 2)-Inmate post health review

*He was a 17years old Juvenile when he was Arrested. No he is 53 years old*

4

| State of Alabama Form 62 (Special) | TRANSCRIPT of RECORD Show All *this* (Conviction Report) | | | | | |
|---|---|---|---|---|---|---|
| | In The **CIRCUIT** Court Of **JEFFERSON** County | | | | | |
| | **STATE OF ALABAMA** vs. | | | | | |
| **NAME/ ALIASES** | Kennedy Minnifield * Kennedy Minniefirle * Larry Davis | | | | | |
| **INMATE DESCRIPTION** | DOB ▓▓-67 | Sex [X] M  [ ] F | Height 5-8 | Weight 180 | Hair Color Black | |
| | Race [ ] W  [X] B  [ ] Other (specify) | | Complexion | Age (If DOB missing) 17 | Distinguishing | |
| **ARREST INFORMATION** | Date of Offense UNK | | | Initial Arrest Date *See* Nov. 2, 1984 | | Arresting Of |
| **CHARGES LITERAL** | On Conviction: Robbery 1 | | | | | |
| **COURT INFORMATION** | Judge Name Hon. William Cole | | | Prosecuting Attorney Name Hon. David Barber | | |
| **PROBATION INFORMATION** | Applied for:  Date: [ ] Yes [X] No | | Granted:  Date: [ ] Yes [ ] No | | Rearrested:  Date: [ ] Yes [ ] No | Re |
| **SENTENCE INFORMATION** | Term of Confinement YR 40  MO  DA | Act 754-76 [ ] Yes [X] No | | Probation Term (If Act 754) YR  MO  DA | Jail Credit Ordered [X] Yes [ ] None  YR  MO  DA | |
| | Date Sentenced: 4-18-86 | | Date Sentence Begins 4-18-86 | | | |
| **SENTENCE PROVISIONS** | ☐ Concurrent ☐ Consecutive | | | | | Restitution/R |
| **OTHER SENTENCE PROVISIONS** | [X] Habitual Offender [X] Youthful Offender (Act 335-72) ☐ Restitution (Specify & Attach Order) ☐ Recoupment (Specify & Attach Order) ☐ Life  ☐ Life w/o Parole  ☐ Death | | | | Restitution ____ Attorney Fee ____ Court Cost ____ Fine ____ | |
| **APPEAL INFORMATION** | [X] Yes  [ ] No | | Sentence Suspended Date: Pending Appeal [ ] Yes  [ ] No | | Sentenced Affirmed: [ ] Yes | Da |
| | 3-5-86 We, the Jury, find the deft guilty of Robbery in the first degree as charged in the indictment. Steve ?. Boswell, Foreperson | | | | | This is to certify t was extracted cords and is true the record. |

# CASE ACTION SUMMARY
## JUVENILE

**State of Alabama**
Unified Judicial System

**IN THE JUVENILE COURT OF** Jefferson

| | | |
|---|---|---|
| **Name:** Minifield, Kennedy | **DOB:** [redacted] | **Case Number:** JU 84 52503 |
| **Address:** Unk. | **Sex:** M **Race:** B **Grade:** | **Attorney(s) and A...** |
| **Phone Number:** Zip | **School:** | |
| **Charge:** Robbery 1st | **Case Type:** del. | |
| **Filing Date:** **T.O.:** West **P.O./C.W.:** | **Parent/Custodian:** Self **Address:** **Phone Number:** | For: ☒ Child |



(handwritten margin notes: "ole J... Cannot use... All illegal")

| DATE | ACTIONS, JUDGMENTS, AND CASE NOTES |
|---|---|
| 11-1-84 | This cause coming on for hearing and there being present in open co... the child with his attorney, Tony Falletta; the Deputy District A... F. W. Neumann, III, and |
| | It being shown to the Court that a MOtion to Transfer has be... in this cause by the Deputy District ATtorney, the Court ascerta... the child and his attorney understood the purpose of this hearing... MOtion to Transfer, and hearing in this cause; that the child, his... and the Deputy District Attorney have agreed to stipulate the t... cause which would establish probabel cause that said child did on... the 16th day of October, 1984 in the Birmingham District of Je... County, Alabama, in the... course of committing a theft of approximately Three-hundred an... one ($301.00) Dollars in the legal currency of the U.S.A., the pro... of Miz. Winners Chicken, use force against the person of Elzie W... with intent to overcome his physical resistance or physical power... while the said child was armed with a dangerous weapon, to wit:... shotgun, in violation of Title 13A-8-41 of the Code of Alabama, a... the peace and dignity of the State of Alabama, as alleged in the ... and |
| | The Court being informed that parties also agree to stipulate... report of Probation Services of this court which includes a commi... record of the child which shows that he has been previously been... transferred to the Criminal Court in two separate cases; that he ... served approximately three (3) years in the State Penitentary; an... |

*[Handwritten annotations at top:]* State Claim — Burden of Proof / the evidence and Facts necessary to entitle him to said / ...Special Argument / Relief

In order to determine which of these three interpretations implements the intent of the Legislature, we need to consider the history of section 15-22-28(e) of the Code of Alabama. In 1939, the Constitution of Alabama was amended, transferring the power to grant pardons and paroles from the Governor to the Legislative Branch. Amendment No. 38 expressly granted to the Legislature two sets of powers: the power to "provide for" and the power to "regulate" the administration of pardons and paroles. Act No. 275 of the 1939 Legislative Session provided for the administration of pardons and paroles by creating an independent board and spelling out its powers. 1939 Ala. Acts No. 275, 426. Act No. 21, in 1951, created the Special Legislative Committee Investigating Pardons and Paroles, as an exercise of its power to regulate the administration of pardons and paroles. 1951 Ala. Acts No. 21, 194. *[Handwritten:]* EXHibit

The provision now appearing as section 15-22-28(e) of the Code of Alabama was enacted in 1951, after the special committee conducted a thorough investigation of irregularities at the Parole Board.¹ This provision was first enacted in section 8 of Act No. 599. 1951 Ala. Acts No. 599, 1030. The Committee Report made eleven legislative recommendations, designated by the letters "A" through "K." Recommendation "H" stated: "The Board should be prohibited from paroling any prisoner until he has served at least one third of his sentence *or ten years in the penitentiary*, whichever is the lesser, except by a unanimous affirmative vote of the Board." *Report of the Special Legislative Committee Investigating Pardons and Paroles* at 3 (1951). Prior to enactment of Act No. 599, a majority of the Board could grant parole at any point in the sentence. *[Handwritten:]* See this Document / Burden of Proof

*[Handwritten:]* All Supporting evidence

It appears that the Legislature intended to ensure that each prisoner served enough time to allow the Board to make a reasonable evaluation of his progress toward rehabilitation. Any of the three interpretations hypothesized is consistent with this intention. The Committee that drafted the statute and urged its adoption told their colleagues that they believed a reasonable benchmark was "one third of the sentence *or ten years in the penitentiary*, whichever is the lesser." (See Committee Report, "Legislative Recommendations," ¶H, p. 6.). We believe great deference should be given to the longstanding interpretation of the Board. Moreover, the interpretation is consistent with what the Legislature intended. *[Handwritten:]* Kennedy Minnifield has done 36 long years / See Document / See this Abuse of Power

The Legislature has amended and reenacted the parole statutes several times since 1951. If the Legislature disagreed with the Board's administrative interpretation of this statute, it could have amended the statute to clear up the ambiguity. It is reasonable to infer that the Legislature intended, when it enacted the 1975 Code, to adopt each section

*[Handwritten at bottom:]* News ~~~~~ — Discovery - new

# CORE Graduation Class of 2019

*Transforming Lives by Renewing Minds*

Sunday, October 6, 2019

1:00 PM





LifeLink
CAREER RESOURCE CENTER

Bridging the Gap Between Corrections and Community

## The Graduates *See*

### CORE Class of 2019

Charlie Alexander, John Ballard, Demetrius Bradford, Michael Cody, Frederick Dumas, Devan Ellis, Samuel Fluker, Frank Gooden, Jason Hall, Benjamin Hardy, Aubrey Lavender, Anthony Leeks, Lacedrick Lindsey, Louie Mauldin, John Means, Phillip Menefee, Shane Miskelley, Ricky Padgett, Joseph Russell, Gary Stovall, Detrick Tyler, Fletcher Turner, Gary White, James Williams, Jermaine Williams, and Timothy Wright.

*See Rehabitation Programs*

### CORE+ Class of 2019

Alan Adams, Manuel Alvarez, Troy Archie, Theodore Bonner, Tony Bradford, Darren Coleman, Joseph De-Camp, Gregory Dowdell, Jeff Hamby, Samuel Hendrix, Christopher Hughes, Timothy Hullett, Mikeal Lemmon, Larry Massey, Robert Mathis, Jessie McDole, Willie Meeks, Robert Merrill, Justin Miller, Kenny Minifield *See*, Dwight Moneyham, Mark Moore, Jamie Pugh, Marvin Ridley, Frederick Rincher, Jorge Romero, Richard Sandlin, Willie Triplett, Corey Wood, and Arthur Woodruff

*1st l· Opportunity to be Release on Parole*

### CORE Green Class of 2019

David Bean, Reginald Beck, Kevin Collins, Donald Daniel, Kenneth Davis, Kendrick Gray, Eric Green, Zachary Halstead, Jeremiah Hamill, Earl Hawkins, Matthew Kinney, Clempson Martin, John Rogers, Charles Smith, Wayne Spruiell, Thomas Summers, William Thompson, Jarod Turner



GOVERNOR



COMMISSIONER

# Certificate of Completion

*Presented to*

## KENNEDY MINNIFIELD

*AIS #130651*

*for successful completion of the*
*"LIFE SKILLS"*

February 11, 2020
Bibb County Correctional Facility
Brent, Alabama

_____
*Annette Smith ADA Coordinator*

_____
*Warden's Signature*

See- Rehabilitation Programs

*Sponsored by:*
*The Alabama Department of Corrections*
*Psychological Services*

Grounds For Relief

State Claim. Alabama Prison System is actually Suffering From Overcrowding.

State Claim. 14th Amendment Constitution Rights the law and the Constitution apply to all US equally and the Same.

the United States Constitution actually Sure him Said Relief. or to be Released under Equal Opportunity 1. Fair opportunity to make Parole as well.

See Case. newMan vs. Alabama 683. F.2d. 1312. 1982.

Violations his Rights under the laws of the United States. (Constitution or Challenging the Constitution and law.

legal Argument Request For Oral Argument hearing: all these hight Risk Cases the Parole board has Granted them Parole. Over and Over Murder Cases. Rape Cases. Sexual Molestation Cases. Sexual assault and Robbery Cases.

after Federal Court Review this legal argument Court will actually Agree. all those Kind of hight Rish Cases has being Giving an Fair Opportunity to Make Parole. The Pleader is entitled to make Parole too.

State a Claim - which Relief Can be Granted. The United States Constitution Sure him Relief under the 14th Amendment Equal Protection of Law Clause. Constitution Right. Constitution Violation must be heard.

# Alabama Department of Corrections
# Sick Call Request



**Reason for Sick Call Request:**

Name (print): _____  AIS #: _____  Date of Birth: _____

Institution: _____  Housing Area: _____  Date: _____

Sick Call Form Collected by Health Staff: _____ (initials) Title: _____ Date: _____ Time: _____

**Request Triaged** (check as appropriate):

A. ____ Sick Call Nurse Encounter **Not** Required  (1) ____ Referring to Chronic Care Manager
                                                     (2) ____ Written Response/Instruction Being Provided

B. ____ Nurse Sick Call Encounter Required  (1) ____ Bring to HCU at this time for further evaluation
                                             (2) ____ **Evaluate** in next scheduled Nurse Sick Call Clinic

Signature/Title: _____  Date: _____

**Sick Call Encounter** (Nurse Evaluation Tool Completed):

1 ____ Resolved by Nurse Encounter     2 ____ Referral for follow up required; to be scheduled

  **Co-Pay Fee Incurred:**                    (a) ____ Medical Provider
  ____ $4.00 - Nurse                          (b) ____ Dental Clinic
  ____ $4.00 – OTC(s); If Restrictive Housing-no OTC charge   (c) ____ Mental Health Services
  ____ $4.00 – Scheduled but Refused Encounter   (d) ____ Other: _____

Inmate Name _____                                           AIS# _____

ADOC-OHS form E-7 (a) 022013    Distribution: Original (page 1)-Inmate Health Record
CP7166AL                        Copy (page 3)-retained by inmate
Issued 10/2013 Revised 11/2014  Copy (page 2)-inmate post health review

## Conclusion: demand For a Jury trial

### Please: Acknowledgment

Plaintiff Minnifield has no other way or no other Avenue after 36 long years to be Release.

See Rule 39. Al-R-civil Procedure: State Claim. Challenging the Parole decision. and Challenging Section 12-25-32 in violation of... This is what i want Federal Court to do. Request this Federal Court Reverse any and all Judgment of the Parole Board Please: after 36 long years he is actually Request For immediately Release.

Questions of Laws. after 36 long years Can Kennedy Minnifield be Giving Just (1) Fair opportunity to be Release?

Request For a Federal Court order to have him Release. Request For ORal argument hearing. 14-th Amendment. Due Process Violation must be Giving an Fair opportunity to be heard in open Court.

### Certificate of service

i have Put a Copy of this lawsuit in D.o.C. Mail Box 9-25-20

Kennedy Minnifield