IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNEDY MINNIFIELD, #130651, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-798-WHA |
| ) | (WO) |
| CHARLES GRADDICK, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Kennedy Minnifield ("Minnifield"), an indigent state inmate currently incarcerated at Limestone Correctional Facility and frequent federal litigant. In this complaint, Minnifield alleges he is entitled to release on parole as he has served thirty-six years of his life sentence and because the state prison system is overcrowded. Doc. 1; Doc. 1-1. Minnifield names Charles Graddick, the Director of the Alabama Board of Pardons and Paroles, as the sole defendant in this case. He seeks an immediate grant of parole and his attendant release from prison. Doc. 1 at 4.

**II.   DISCUSSION**

Upon initiation of this case, Minnifield filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 2. However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1] Consequently, an inmate in violation of the "three strikes" provision set forth in § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" at the time he files the complaint may not proceed *in forma pauperis* and must pay the filing and administrative fees upon initiation of his case.[2] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

The records of the federal courts of this state establish that Minnifield, while incarcerated or detained, has on at least three occasions had civil actions summarily dismissed as frivolous, malicious, or for failure to state a claim.[3] The cases on which this court relies in finding a § 1915(g) violation by Minnifield are: (1) *Minnifield v. Barber, et al*, Civil Action No. 2:97-CV-

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978 (1998), the Court held that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires indigent prisoners who are frequent filers of non-meritorious cases to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the "three strikes" provision encompasses cases summarily dismissed under 28 U.S.C. § 1915(d) prior to the effective date of the PLRA and, thus, counting those cases as strikes does not violate the Ex Post Facto Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (citing *Rivera*, 144 F.3d at 728–30) (holding that cases summarily dismissed prior to the effective date of the PLRA are properly considered strikes under 28 U.S.C. § 1915(g) in determining whether an indigent inmate may proceed without prepayment of the full filing fee). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* in limited part, i.e., to the extent it compelled an inmate to plead exhaustion of remedies in his complaint because "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). In addition, as of December 1, 2016, the Judicial Conference imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed in forma pauperis. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

[3] This court may take judicial notice of the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

1754-RRA (N.D. Ala. 1997); (2) *Minnifield v. Birmingham Police Dept., et al.,* Civil Action No. 2:00-CV-2673-HDB (N.D. Ala. 2000); and (3) *Minnifield v. Circuit Court of Jefferson County*, Civil Action No. 1:07-CV-762-WS (S.D. Ala. 2009).[4]

Since Minnifield has three strikes, he may not proceed *in forma pauperis* unless the claims raised in the instant complaint demonstrate he was "under imminent danger of serious physical injury" upon filing this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (holding that to meet the "imminent danger" requirement the "threat or prison condition [must be] real and proximate."). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Claims concerning an "imminent danger of serious physical injury" cannot be triggered

---

[4]This court's review of the records of the federal courts of this state demonstrates that Minnifield is well aware of the "three strikes" bar contained in 28 U.S.C. § 1915(g) as numerous civil actions he has filed have been summarily dismissed for his violation of this provision.

solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Moreover, "general allegations" by an inmate regarding the unsafe environment attendant to his confinement in prison "are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

The court has carefully reviewed the complaint in which Minnifield references general overcrowding in the state prison system and seeks his immediate release on parole. The complaint, however, does not in any way indicate Minnifield was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry*, 185 F.3d at 1193 (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger of serious physical injury" at the time he initiates the suit to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).[5] It is clear from the cases cited herein that the mere fact of overcrowding does not meet the "imminent danger" exception.

---

[5]In addition, the court notes that Minnifield's claim alleging an entitlement to release on parole is not properly before the court in a 42 U.S.C. § 1983 action as any claim related to an alleged improper denial of parole should be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a state prisoner challenging the

Based on the foregoing and Minnifield's failure to pay the requisite filing and administrative fees upon initiation of this case, the court concludes this case is due to be summarily dismissed without prejudice. *See Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by the plaintiff (Doc. 2) be DENIED.

2. This case be DISMISSED without prejudice for the plaintiff's failure to pay the full filing and administrative fees upon initiation of this case.

On or before **October 22, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the

---

constitutionality of his incarceration is a petition for writ of habeas corpus.); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The principles espoused in *Heck* and *Balisok* foreclosing review of various claims in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to the denial of parole. *See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."); *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) ("*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy, supra*).

Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of October, 2020.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE