IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNEDY MINNIFIELD, #130651, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-798-WHA |
| | ) | |
| CHARLES GRADDICK, | ) | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

Kennedy Minnifield, a *pro se* state inmate currently incarcerated at the Limestone Correctional Facility, initiated this civil action on the form utilized by inmates to proceed before this court under 42 USC § 1983. Doc. 1. In the instant action, Minnifield, challenges the denial of parole, Doc. 1 at 2–3, and seeks his immediate release from prison on parole. Doc. 1 at 4.

Upon initial review of the compliant, the Magistrate Judge determined Minnifield had previously filed three cases which constituted "strikes" under 28 U.S.C. § 1915(g).[1] Due to his having three strikes and failing to set forth any facts to indicate he was in "imminent danger" at the time of filing, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(g). Doc. 3. No timely objections to the Recommendation were received by the court and the undersigned therefore

---

[1] This code section directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, an inmate in violation of the "three strikes" provision set forth in § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" at the time he files the complaint may not proceed *in forma pauperis* and must pay the filing and administrative fees upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

entered an Order adopting the Recommendation and Final Judgment on October 28, 2020. Doc. 4 & Doc. 5. The following day, the court received an Objection to the Recommendation from Minnifield. Doc. 6.

In his Objection, Minnifield alleges he is in "imminent danger" due to the presence of COVID-19 at his place of confinement and, therefore, meets the exception to application of 28 U.S.C. § 1915(g)'s requirement that he pay the filing fee at the time of filing. Doc. 6 at 2. However, as noted in the Recommendation, even if Minnifield paid the fee or the court granted him leave to proceed *in forma pauperis*:

> Minnifield's claim alleging an entitlement to release on parole is not properly before the court in a 42 U.S.C. § 1983 action as any claim related to an alleged improper denial of parole should be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus.); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The principles espoused in *Heck* and *Balisok* foreclosing review of various claims in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to the denial of parole. *See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."); *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) ("*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

Doc. 3 at 4–5, n. 5.

Based on the foregoing, Minnifield now says in his objection that the initial pleading filed in this case should be considered a 28 USC § 2254 petition for habeas corpus relief and he should

2

be allowed to proceed on such petition. Doc. 6 at 2.[2] Under the circumstances set forth herein, the undersigned finds that Minnifield should be permitted to proceed in this matter under 28 USC § 2254. Accordingly, it is

ORDERED that the Order and Final Judgment entered on October 28, 2020 are hereby VACATED. It is further ORDERED that this case is referred back to the Magistrate Judge for appropriate action consistent with this order.

DONE this 30th day of October, 2020.

    /s/ W. Harold Albritton
    SENIOR UNITED STATES DISTRICT JUDGE

---

[2]The provisions of 28 USC § 1915(g) do not apply to habeas actions. *See Anderson v. Singletary*, 111 F.3d 801, 803, 805–06 (11th Cir. 1997).