IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| KENNEDY MINNIFIELD, #130651, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:20cv798-WHA-CSC |
| CAM WARD, *et al.*, ) | (WO) |
| ) | |
| Respondents. ) | |
| | |
| KENNEDY MINNIFIELD, #130651, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:20cv933-WHA-CSC |
| DEBORAH TONEY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is state prisoner Kennedy Minnifield's petition for writ of habeas corpus under 28 U.S.C. § 2254 by which Minnifield challenges the April 2018 decision of the Alabama Board of Pardons and Paroles ("Board") denying him parole.[1] For the reasons discussed below, the Court finds that Minnifield's petition should be dismissed as untimely filed under the federal statute of limitations, 28 U.S.C. § 2244(d)(1)(D).

---

[1] This case is proceeding on the consolidation of habeas petitions filed by Minnifield in Civil Action Nos. 2:20cv798-WHA-CSC and 2:20cv933-WHA-CSC. The two petitions challenge the same April 2018 decision of the Board. In consolidating the cases, the Court designated Civil Action No. 2:20cv798-WHA-CSC as the lead case and administratively closed Civil Action No. 2:20cv933-WHA-CSC.

## I. BACKGROUND

Minnifield is a repeat felony offender serving lengthy Alabama prison sentences for convictions in the Circuit Courts of Jefferson and Bullock County dating back to 1986 for attempted murder, first-degree robbery, first-degree sexual abuse, first-degree theft of property, and second-degree escape. On April 4, 2018, after considering Minnifield for parole, the Board issued a decision denying him parole and setting him for further parole consideration in April 2023. Doc. 26-47.

On April 16, 2018, Minnifield filed a petition for a common law writ of certiorari in the Circuit Court of Montgomery County challenging the Board's April 4, 2018 decision.[2] Minnifield argued he was entitled to parole because he had served over 10 years of his sentence and that the Board's denial of parole violated his rights to due process and equal protection. On June 6, 2018, the circuit court entered an order denying Minnifield's petition for common law writ of certiorari.[3] Minnifield did not appeal.

On September 25, 2020, Minnifield filed this *pro se* § 2254 petition asserting among other things that he is entitled to parole because he has been in prison for 36 years and that the Board's April 4, 2018 denial of his parole violated his Eighth and Fourteenth

---

[2] The Court takes judicial notice of records found at AlaCourt, which provides access to all state trial court records in the State of Alabama. A federal court may take judicial notice of state court proceedings. *See* Fed. R. Evid. 201(b)(2); *Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013); *Keith v. DeKalb County, Georgia*, 748 F. 3d 1034, 1041 n. 18 (11th Cir. 2014) (judicial notice taken of online judicial system similar to AlaCourt). As noted by Respondents in their answer and as found on AlaCourt, Minnifield's petition for common law writ of certiorari is docketed as Doc. 1 in Montgomery County Case No. CV-2018-230 (sub nom *Kennedy Minniefield [sic] v. Alabama Board of Pardons and Paroles*).

[3] Docketed as Doc. 16 in Montgomery County Case No. CV-2018-230 (AlaCourt).

Amendment rights. Doc. 1.[4] *See* Doc. 1-1 at 14–15. Respondents argue that Minnifield's petition is time-barred by the one-year statute of limitations. Doc. 26 at 16–18.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[4] Minnifield's initial pleading was on a form used for civil actions under 42 U.S.C. § 1983. Doc. 1. Minnifield later indicated that he intended the pleading (in which he seeks immediate release from prison) to be construed as a 28 U.S.C § 2254 petition for writ of habeas corpus. *See* Doc. 6 at 2. Minnifield's petition was date-stamped as received by the Court on October 5, 2020. Doc. 1 at 1. He avers that he signed the petition (presumptively for mailing from prison) on September 25, 2020. Doc. 1 at 4. Under the "prison mailbox rule," a *pro se* petition is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

>or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Minnifield challenges the Board's decision of April 4, 2018, denying him parole. Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitation period for Minnifield to apply for federal habeas relief runs from the date of the Board's April 4, 2018 decision—which was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."); *Hawes v. Howerton*, 335 F. App'x 882, 884 (11th Cir. 2009) (following *Brown*). Therefore, absent a statutory or equitable tolling event, Minnifield had until April 4, 2019, to file a § 2254 petition challenging the Board's decision.

In Alabama, there is no direct appeal procedure for an inmate to appeal decisions of the Alabama Board of Pardons and Paroles. *See Ray v. Mitchem*, 272 F. App'x 807, 809 (11th Cir. 2008). Instead, a petition for common law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge decisions of the Board. *Samuels v. Alabama Bd. of Pardons & Paroles*, 687 So.2d 1287, 1288 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitation period for filing a § 2254 petition. Consequently, a properly

filed petition for common law writ of certiorari—i.e., a properly filed application for state post-conviction or collateral review—in the Circuit Court of Montgomery County activates tolling under § 2244(d)(2).[5]

Minnifield filed his petition for common law writ of certiorari in the Circuit Court of Montgomery County on April 16, 2018, tolling the federal limitation period. On that date, the statute of limitations had run for 12 days (i.e., from April 4, 2018 to April 16, 2018), leaving 353 days on the federal clock. The circuit court denied Minnifield's petition for common law writ of certiorari on June 6, 2018. Minnifield had 42 days to appeal that ruling, but he filed no appeal. *See* Ala. R. App. P. 4. Thus, the statute of limitations began to run again 42 days after June 6, 2108, i.e., on July 18, 2018. After that, the statute of limitations ran unabated without a tolling event for 353 days, before expiring on July 8, 2019 (the first business day after Saturday, July 6, 2019).

Minnifield sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B) or (C); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition or that his claims are based on a right newly

---

[5] Minnifield filed two other petitions in the Montgomery County Circuit Court after filing his petition for common law writ of certiorari—one on January 2, 2019, and the other on June 1, 2019. *See* AlaCourt, Montgomery County Case Nos. CV-2019-119 (Doc. 1) and CV-2019-275 (Doc. 1) (taking judicial notice, as cited in Respondents' answer). Because the petition of January 2, 2019, challenged Minnifield's Jefferson County convictions and sentences, the state court considered it to be a petition for post-conviction relief under Ala. R. Crim. P. 32, and the petition was transferred to the court of conviction in Jefferson County. *See* Montgomery County Case No. CV-2019-119 (Doc. 21). Because the petition of June 1, 2019, which Minnifield styled as a Petition for Writ of Prohibition, did not challenge the Board's decision to deny Minnifield parole but instead appeared to challenge (among other things) the criminal statutes under which Minnifield was convicted, the petition was also transferred to the Circuit Court Jefferson County. *See* Montgomery County Case No. CV-2019-275 (Doc. 21). Because neither the January 2, 2019 petition nor the June 1, 2019 petition could be construed as a petition for common law writ of certiorari challenging the Board's April 4, 2018 decision denying Minnifield parole, neither petition effected tolling under § 2244(d)(2).

5

recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Because § 2244(d)(1)(D) provides the statute of limitations in Minnifield's case, Minnifield had to file his § 2254 petition by July 8, 2019. However, he did not file his petition until September 25, 2020—over 14 months after the statute of limitations expired.

The limitation period may be equitably tolled on grounds besides those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008). The one-year limitations period under § 2244(d)(1)(A) alternatively can be tolled on an equitable basis when a petitioner demonstrates that he has submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. Minnifield, however, makes no argument, and brings forth no evidence, demonstrating that he is entitled to equitable

tolling, and the Court knows of no reason that would support tolling of the limitation period in Minnifield's case. Minnifield's § 2254 petition is therefore time-barred under AEDPA.

The AEDPA statute of limitations can be overcome—opening the door to review of constitutional claims in an otherwise time-barred petition—by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

As a gateway to review of the claims in his otherwise time-barred petition, Minnifield asserts that he is actually innocent. *See* Doc. 32 at 1–3; Doc. 33 at 1. Although it is not clear which offense or offenses Minnifield maintains he is actually innocent of, it appears he may be alleging that he is innocent of his various 1986 Jefferson County convictions for attempted murder and first-degree robbery. His only "argument" in this regard appears to be that no blood or DNA evidence from the crime scene was introduced at his trial. *See* Doc. 32 at 1–3. But this is not new reliable evidence of his innocence. It is

7

merely, at best, a challenge to the sufficiency of the State's evidence. Allegations going to the sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" of actual innocence. *See Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012). Minnifield's conclusory assertions do not exonerate him of his convictions.[6] He fails to present a colorable claim of actual innocence sufficient to overcome AEDPA's statute of limitations period. His petition is time-barred, and his claims are not subject to habeas review.[7]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Minnifield be DENIED as untimely under 28 U.S.C. § 2244(d) and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation by **November 7, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

---

[6] The Court notes that Minnifield does not allege or establish the existence of any demonstrably false information that the Board relied on in denying him parole.

[7] Respondents also correctly argue that Minnifield's claims are unexhausted and procedurally defaulted. *See* Doc. 26 at 18–20. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Under Alabama law, a complete round of appellate review of an adverse ruling on a petition for a common law writ of certiorari is by: (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* ALA. CODE § 12-3-9; then (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and then (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R. App. P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). Minnifield did not appeal from the denial of his petition for common law writ of certiorari. He fails to establish cause to excuse his procedural default, and he presents no colorable claim of actual innocence to provide a gateway to habeas review of his unexhausted and defaulted claims.

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, this 24th day of October, 2022.

                      /s/ Charles S. Coody
                      CHARLES S. COODY
                      UNITED STATES MAGISTRATE JUDGE